IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20599
Conference Calendar
_____

JOHNNY CORDOBA,

                                          Plaintiff-Appellant,

versus

CHARLES BACARISSE,

                                          Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-919
--------------------
December 11, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Johnny Cordoba, Texas prisoner # 702311, challenges the district court's dismissal of his 42 U.S.C. § 1983 civil rights lawsuit as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). He renews his claim that Bacarisse and various Texas Department of Criminal Justice ("TDCJ") officials violated his constitutional right of access to the courts.

The district court's dismissal was proper because the true nature of Cordoba's complaint was an indirect challenge to his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction and sentence.  As such, it is barred.  See Heck v. Humphrey, 512 U.S. 477, 487 (1994).  Alternatively, dismissal was appropriate because Cordoba could not prove the required injury resulting from the denial of access as he filed a direct appeal, a state habeas application, and a 28 U.S.C. § 2254 petition.  See Lewis v. Casey, 518 U.S. 343, 349-51 (1996); Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993); see also Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).  The fact that each of these ultimately proved unsuccessful is not sufficient to establish the required injury.  See Chriceol, 169 F.3d at 317.

Moreover, Cordoba had no constitutional right to have documents forwarded in his state-habeas proceedings.[**]  Cf. Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997).  Cordoba similarly had no constitutional right to counsel in his federal-habeas proceedings due to his functional illiteracy, the apparent basis for his denial-of-access claim against the TDCJ officials.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Johnson v. Hargett, 978 F.2d 855, 859 (5th Cir. 1992).

Cordoba has not demonstrated any error in the district court's judgment.  Accordingly, that judgment is AFFIRMED.  His motion for the appointment of counsel is DENIED.

JUDGMENT AFFIRMED; MOTION DENIED.

---

[**] Additionally, as the district court found, the state-court record demonstrates that all records were in fact forwarded to the Texas Court of Criminal Appeals.